weather, stranding, collision or burning." While the policy was in force the dry dock sunk owing to a failure of electric power used to operate its pumps caused by an accident at the power plant on land a mile away, and the question litigated was whether the damage occasioned by such sinking was covered by the policy. The Appellate Division held that " the policy issued by defendant to plaintiff did not insure plaintiff against damage due to such sinking."

*Pierre M. Brown* for appellant.

*George S. Brengle* and *D. Roger Englar* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Absent: HISCOCK, Ch. J.

---

FRANK McWILLIAMS, INC., Appellant, *v.* AMERICAN INSURANCE COMPANY, Respondent.

*Insurance — marine — when policy insuring against perils of the sea and other waters does not cover damage to dry dock from sinking caused by failure of electric current used to operate its pumps.*

*McWilliams* v. *American Ins. Co.*, 202 App. Div. 846, affirmed. (Argued April 27, 1923; decided May 11, 1923.)

APPEAL from a judgment, entered December 6, 1922, upon an order of the Appellate Division of the Supreme Court in the second judicial department reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term, a jury having been waived, and directing a dismissal of the complaint. The action was to recover upon a policy of marine insurance covering plaintiff's dry dock and insuring it against " perils of the harbors, bays, sounds, seas, rivers and other waters," excepting claims arising from " derangement or breakage of machinery, unless caused by stress of weather, stranding, collision or burning." While the policy was in force the dry dock sunk owing to a failure of electric power used to operate its pumps caused by an accident at the power plant on land a mile away, and the question at issue was whether the damage occasioned by such sinking

was covered by the policy. The Appellate Division held that the damage was wholly caused by derangement or breakage of machinery, to wit, the derangement of the apparatus, machinery, facilities, etc., supplying the power machinery to raise and lower the dry dock; that such derangement or breakage of machinery was not caused by stress of weather, stranding, collision or burning, and that the damage was exclusively due to a cause expressly excepted from the policy by the terms thereof.

*Pierre M. Brown* for appellant.

*George V. A. McCloskey* and *William J. Martin* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ. Absent: HISCOCK, Ch. J.

---

EMERSON P. JENNINGS, Respondent, *v.* PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, Appellant.

*Bills, notes and checks — forgery — power of attorney — when power of attorney not broad enough to authorize indorsement of check.*

*Jennings* v. *President, etc., of Manhattan Co.,* 203 App. Div. 802, affirmed.

(Submitted April 27, 1923; decided May 11, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 22, 1922, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury. This action was brought to recover the sum of $5,000 on a check drawn by Brown Brothers & Co. on the National Bank of Commerce in New York in favor of the plaintiff, Emerson P. Jennings, the proceeds of which defendant collected and has failed and refused to pay to the plaintiff, the payee thereof. Plaintiff claimed that his indorsement on the check was forged prior to its being deposited with the defendant bank for collection. The main question was whether a power of attorney from the plaintiff Jennings to one Wright was sufficiently